UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

  *Plaintiff*,

v.                                          Case No. SA-22-CR-00379-JKP

**(1) MARLON LARON SIMIEN,**

  *Defendant*.

# O R D E R

Before the Court is Defendant Marlon Laron Simien's Motion for Reconsideration and the Government's Response. *See* ECF Nos. 45, 46. Simien seeks the Court's reconsideration of its order denying Simien's Motion to Dismiss the Indictment, arguing the Court's order is inconsistent with the Supreme Court's Second Amendment framework in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The Government argues Simien's motion improperly re-urges matters already advanced in its prior motion, and the Court agrees. Simien's Motion for Reconsideration is, therefore, **DENIED**.

Motions for reconsideration in criminal cases "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Salinas*, 665 F.Supp.2d 717, 720 (W.D. Tex. Oct. 19, 2009) (citation omitted). There is a high burden of proof on the party seeking reconsideration in order "to discourage litigants from making repetitive arguments on issues already considered." *United States v. Olis*, Nos. H-07-3295 & H-03-217-01, 2008 WL 5046342 at *31 (S.D.Tex. Nov. 21, 2008). "Motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a

party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). In the instant motion, Simien argues the Court erred in finding § 922(n) constitutional under the *Bruen* framework. In so doing, Simien re-urges arguments advanced in his Motion to Dismiss which the Court has considered and rejected. *See* ECF No. 42.

Namely, Simien argues the Court should have applied the *Bruen* text-and-history analysis to his Second Amendment facial challenge. But the Court's prior order did undertake a text-and-history analysis, ultimately finding § 922(n) passes constitutional muster under *Bruen*. *See* ECF No. 42 at 12–15. Simien further argues the Court should not have cited *United States v. Perez-Garcia*, which deals with firearms-related pretrial conditions of release, to inform its analysis of § 922(n)'s prohibition on possession of firearms by a person under indictment. *See United States v. Perez-Garcia*, ___ F.Supp.3d ___, 2022 WL 4351967, at *7 (S.D. Cal. Sept. 18, 2022). The Court cited *Perez-Garcia* because the Fifth Circuit relied on it to say finding § 922(n) unconstitutional would require "disagreeing with several other federal courts that confronted this issue post-*Bruen*." *United States v. Avila*, No. 22-50088, 2022 WL 17832287 at *2 (5th Cir. Dec. 21, 2022). While the question in *Perez-Garcia* was the constitutionality of firearms-related pretrial conditions of release, not § 922(n), the underlying issue is the same—whether prohibiting a person under indictment from having a weapon is constitutional. The Court's reference to *Perez-Garcia* was, therefore, not improper. Finally, Simien suggests the Court wrongly found § 922(n) is consistent with the Nation's historical tradition of firearms regulation. But nothing in Simien's most recent motion calls into question the Court's prior historical analysis of § 922(n). Simien rehashes the same historical findings that were before the Court when it considered his Motion to Dismiss, and his Motion to Reconsider should not be used to re-urge matters already advanced.

The Court notes the Fifth Circuit has not yet ruled on appeals of decisions finding § 922(n) unconstitutional. *See United States v. Quiroz*, No. 22-50834; *United States v. Hicks*, No. 23-50030. In addition, in the time since the Court's last ruling, at least one other Western District of Texas Court has found § 922(n) is constitutional. *See United States v. Posada*, ___ F.Supp.3d ___, 2023 WL 3027877 (W.D. Tex. April 20, 2023.). The only Fifth Circuit opinion overturning a §922 statute, *United States v. Rahimi*, expressly states its discussion "is not to cast doubt on firearm restrictions that attach during criminal proceedings prior to conviction," such as § 922(n), because "[t]hose restrictions are not before us." 61 F.4th 443 at 452, n.6 (5th Cir. 2023). Furthermore, the Government has appealed the *Rahimi* decision to the U.S. Supreme Court. Given the lack of binding authority finding §922(n) unconstitutional, and Simien's failure to advance new matters in his Motion to Reconsider, the Court finds denial of the motion is proper.

**IT IS THEREFORE ORDERED** that Simien's Motion for Reconsideration is **DENIED**. *See* ECF No. 45.

It is so ORDERED.
SIGNED this 25th day of April, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3